UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



FILED

2003 OCT 24  P 12: 06

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ROBERT T. PARKER, | CIVIL ACTION NO.: |
| PLAINTIFF, | 3:03cv930(CFD) |
| V. | |
| HARTFORD PARKING AUTHORITY, and | |
| MERYTH DEAN WILLIAMS, Chairperson, Hartford Parking Authority in her official and individual capacities, and | |
| SERAFIN MENDEZ MENDEZ Treasurer, Hartford Parking Authority in his official and individual capacities, | |
| DEFENDANTS | October 23, 2003 |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Plaintiff hereby moves to amend his complaint.

The Amended Complaint is attached hereto.

THE PLAINTIFF<br>
ROBERT T. PARKER

By: _____
Eliot B. Gersten, Esq. (ct05213)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Fax: 860-527-4968
His Attorneys

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via U.S. Mail, first class, postage prepaid or hand delivered on this 23rd day of October, 2003 to:

| | |
|---|---|
| Jill Hartley<br>Fed. Bar No. CT 10570<br>Sabia & Hartley, LLC\<br>190 Trumbull Street, Suite 202<br>Hartford, CT 06103<br>Tel: (860) 541-2077<br>Fax: (860) 713-8944 | Jonathan L. Gould, Esq.<br>214 Main Street<br>Hartford, CT 06106 |

_____
Eliot B. Gersten

H:\WP\O\parker v hpa\Pleadings\motion for parker amendment.wpd

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT T. PARKER, | CIVIL ACTION NO. :: |
| PLAINTIFF, | |
| V. | 3:03cv930(CFD) |
| HARTFORD PARKING AUTHORITY, and | |
| MERYTH DEAN WILLIAMS, Chairperson, Hartford Parking Authority in her official and individual capacities, and | |
| SERAFIN MENDEZ MENDEZ Treasurer, Hartford Parking Authority in his official and individual capacities, | |
| DEFENDANTS | October 23, 2003 |

**FIRST AMENDED COMPLAINT**

**JURISDICTION**

1.     This is a civil action brought by the plaintiff against the defendants alleging violations of the plaintiff's rights to free speech as protected under the First and Fourteenth Amendments to the U.S. Constitution and Sections 3, 4 and 14 of Article First of the Connecticut Constitution, as enforced through 42 U.S.C. §1983 and C.G.S. §31-51q. The action seeks monetary and equitable relief, punitive damages, attorneys' fees and costs.

2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(3). With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the claims are so related to the federal claims that they form part of the

same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in Connecticut.

**PARTIES**

4. The plaintiff, Robert T. Parker (hereinafter called "Parker" or the "Plaintiff"), is a citizen of the United States who resides in West Hartford, Connecticut. At all times relevant herein, Parker was employed as the Controller of the defendant, Hartford Parking Authority.

5. The defendant, Hartford Parking Authority (hereinafter called the Parking Authority or the defendant), is a governmental agency with offices at 155 Morgan Street, Hartford, Connecticut.

6. At all times relevant herein, the defendant, Meryth Dean Williams, was the Chairperson of the Hartford Parking Authority. Williams is sued in her individual and official capacities.

7. At all times relevant herein, the defendant, Serafin Mendez Mendez, was the Treasurer of the Hartford Parking Authority. Mendez is sued in his individual and official capacities.

**STATEMENT OF THE CLAIM**

8. In March 2002, Parker became employed with the Parking Authority.

9. In June 2002, the Parking Authority appointed Parker as Controller. In that position, Parker was responsible for establishing and maintaining a revenue collection, depositing, reporting and accounting system for the revenues of the Parking Authority.

10. At all times, Parker performed his job commendably, in a timely fashion and with due

fiduciary care.

11.     In April and May 2003, the Parking Authority was in the process of negotiating an agreement with Connecticut Parking Services, Inc. (hereinafter called CPS) and its President, Carlos Lopez, to extend CPS' contract to manage the MAT Garage for another eight years.

12.     After discovering that these negotiations were taking place, Parker began complaining verbally and by written memo to Parking Authority officials, including Mendez and Williams, that the proposed contract extension was not in the public interest.

13.     As part of his complaints, Parker believed that the terms of the proposed contract with CPS conflicted with some of the requirements in the bonding agreements that the Parking Authority had signed.

14.     Both Williams and Mendez and other Parking Authority officials ignored his opinions and refused to address Parker's statements and concerns.

15.     At a Parking Authority public hearing on May 14, 2003, at which the Parking Authority had scheduled a vote to approve the CPS contract extension, Parker again attempted to raise his concerns by trying to speak at the hearing.

16.     Defendant Williams refused Parker's request to speak about his concerns. Parker then left the meeting.

17.     After Parker left, the Parking Authority voted to extend the CPS contract for eight years with the intent to settle a lawsuit initiated by CPS .

18.     On May 14, 2003, Mendez and Williams had also arranged to change the locks on Parker's office, without notice to Parker. The next day, May 15, 2003, after Parker reported for work, Williams informed him that she and Mendez, acting on behalf of the Parking Authority, had

decided to suspend him.

19. After suspending Parker on May 15, 2003, Williams then refused to allow Parker to return to work or to gain access to any of the business items in his office.

20. Williams told Parker that the Parking Authority had taken these actions arising from Parker's attempts to express his objections to CPS' management practices and the proposed contract extension with CPS.

21. Parker spoke out about Parking Authority business practices with regard to CPS, which are matters of public concern, including, but not limited to:

    (a) CPS had previously violated provisions of its contract with the Parking Authority;

    (b) the financial incentives in the contract would result in a loss of revenue to the Parking Authority in excess of $700,000.00 over the life of the proposed contract and

    (c) the proposed contract results in a parking scheme that is inconsistent with the Parking Authority's previously-stated goals for managing City parking.

22. The defendants' decision to suspend Parker and to prevent him from gaining access to his office or from otherwise performing his duties as Controller, and subsequently terminate his employment, and to falsely accuse him of damaging property belonging to the HPA constituted discipline against Parker for speaking out regarding these matters of public concern.

23. On September 5, 2003, without any notice, the HPA terminated the employment of Parker. Defendant Williams denied the action stemmed from the plaintiff's attempt to speak at the meeting but from the "threatening manner" in which plaintiff left the meeting and further claimed the plaintiff damaged property of the HPA upon leaving the premise. The stated basis for the action

-4-

of termination reasoning was a pretext and false and maligned the plaintiff publicly and done with the intent to accomplish such a purpose as plaintiff was not provided any a opportunity to challenge the claim. . The defendant later provided notice to the plaintiff that it terminated its employment of him approximately one week later.

24. As a result of the defendants' actions, Parker has lost benefits and other perquisites of his position as Controller.

25. The defendants' actions were under color of law and custom, policy and/or practice implemented by the defendants' policy makers with final decision-making authority, including Williams and Mendez.

26. The defendants' actions intentionally violated Parker's clearly-established federal and state rights to free speech under the First and Fourteenth Amendments to the U.S. Constitution and Sections 3, 4 and 14 of Article First of the Connecticut Constitution, as protected by 42 U.S.C. §1983 and C.G.S. §31-51q.

27. As a result of the defendants' unlawful conduct, Parker has suffered damages in the form of ostracism, lost benefits, and other attendant rights, privileges and conditions of employment, and has suffered emotional distress, anxiety, embarrassment, mental anguish and loss of enjoyment of life.

28. Williams' and Mendez's actions, as outlined above, were motivated by malice and ill will toward Parker and/or by reckless indifference to Parker's federally-protected rights and rights under C.G.S. §31-51q.

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff demands that this Court:

1. Issue a judgment for the plaintiff declaring that the defendants have violated the plaintiff's free speech rights protected under the First and Fourteenth Amendments to the U.S. Constitution, Sections 3, 4 and 14 of Article First of the Connecticut Constitution, and as enforced through 42 U.S.C. §1983 and C.G.S. §31-51q;

2. Award the plaintiff monetary compensation for any and all lost benefits of his employment;

3. Order the defendants to reinstate the plaintiff to his position with the defendants and\or award him front pay;

4. Award the plaintiff compensatory and other damages as set forth under 42 U.S.C. §1983 and C.G.S. §31-51q;

5. Award the plaintiff attorney's fees;

6. Award the plaintiff costs for bringing this action and pre- and post-judgment interest;

7. Award the plaintiff punitive damages against the defendants Williams and Mendez;

8. Award the plaintiff any other legal or equitable relief that the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

The plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

-6-

Respectfully submitted,

THE PLAINTIFF
ROBERT T. PARKER

By: _____
Eliot B. Gersten, Esq. (ct05213)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Fax: 860-527-4968
His Attorneys

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via U.S. Mail, first class, postage prepaid or hand delivered on this 23rd day of October, 2003 to:

Jill Hartley
Fed. Bar No. CT 10570
Sabia & Hartley, LLC\
190 Trumbull Street, Suite 202
Hartford, CT 06103
Tel: (860) 541-2077
Fax: (860) 713-8944

Jonathan L. Gould, Esq.
214 Main Street
Hartford, CT 06106

_____
Eliot B. Gersten