UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| ROBERT T. PARKER, | CIVIL ACTION NO.: 3:03CV930(CFD) |
| PLAINTIFF, | |
| V. | |
| HARTFORD PARKING AUTHORITY, ET AL. | |
| DEFENDANTS | NOVEMBER 11, 2003 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION TO QUASH AND IN SUPPORT
OF MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA DUCES TECUM AND MOTION FOR CONTEMPT**

I.  **INTRODUCTION**

Plaintiff Robert Parker ("Parker") was formerly employed as controller with the defendant Hartford Parking Authority ("HPA"). After he voiced concerns privately about the propriety of a contract extension between his employer and Connecticut Parking Services ("CPS"), an operator of one of the parking garages, he was not allowed to speak at a public hearing, and subsequently suspended and then terminated from his job. Parker claims the suspension and termination were a direct result of his objections to the relationship between CPS and his employer and violated his constitutional rights.

The Clerk shall docket this memorandum and include it in the Court's file. So ordered.

Christopher F. Droney
United States District Judge
12/8/03

As a part of conducting discovery in this case, Parker issued two separate and distinct subpoenas duces tecum directed at CPA and its owner and operator, Carlos Lopez (hereinafter "Lopez"). On September 25, 2003, CPS chose to file a motion to quash the subpoena, claiming the following:

1. Said request is improper in that Connecticut Parking Services is not an entity in that the correct name is Connecticut Parking Services, Incorporated and as such no such proper has been made upon Connecticut Parking Service, Inc.

2. Service of the Plaintiff's Notice of Request for Production of Documents from Non-Party was not left in the hands of an officer or agent of Connecticut Parking Services, Inc.

3. The documentation requested requires disclosure of privileged or other protective matter and no exception of waiver applies.

4. Subjects Connecticut Parking Services to an undue burden.

5. Does not set forth the text subdivisions (c) and (d) of Rule 45.

CPS filed no accompanying memorandum of law consistent with Local Rule 7 (a)(1), and its principal, Carlos Lopez, failed to respond at all to the subpoena directed at his production.

2

On that same date, CPS filed an objection claiming that the following documents are priviledged:

1. Any and all records in the possession of Connecticut Parking Services relating or supporting a claim as asserted in the case against Hartford Parking Authority and Frank DelMonaco, Case No.: 01-0811819, and any documents relating to its settlement.

2. Any audited financial records of Connecticut Parking Services since 1998.

3. Any certified financial records of Connecticut Parking Services since 1998.

4. Any documents relating to the settlement of a lawsuit against Hartford Parking Authority.

Since that filing, efforts to resolve the lack of production have not been successful as CPS has indicated there will be no compliance with the subpoena, other than to produce items requested in category Number 8 (See Affidavit of Counsel - Exhibit 1), but conditioned that compliance with the demand that plaintiff pay for the time for the accountant to assemble the documents. Having failed to reach an agreement, the plaintiff files this response to the motion to quash and seeks an order of compliance with each of the subpoenas and a motion for contempt.

## II. THIS COURT SHOULD ENFORCE BOTH OF THE SUBPOENAS

### A. Standard to Compel Compliance

Rule 45 (c)(3) of the Federal Rules of Civil Procedure allows a court to "quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. Pro. 45

3

(c)(3). In identifying an "undue burden", a court is to look at several factors, such as "[the] relevance [of the materials sought], the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Alexander v. FBI, 186 F.R.D. 21, 34 (D.D.C. 1998) (citing United States v.International Bus.Machines, Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). See also, Linder v. Calero-Portocarrero, 180 F.R.D. 168, 173 (D.D.C. 1998). When the burdensomeness of a subpoena is at issue, the onus is on the party alleging the burden to prove that the subpoena violates Rule 45. See, Northrop Corp. v. McDonnell Douglas Corp, 751 F.2d 395, 403 (D.C. Cir. 1984). Neither CPA nor Lopez can meet this burden.

    B.    Service was done properly.

According to the motion, CPS challenges the service of the subpoena because it was not served on a proper party ," Connecticut Parking Services, *Inc.*" (emphasis added) . However, based upon the return of service from the officer, a manager of Connecticut Parking Services, accepted service of the subpoena and provided the officer with a business card identifying himself as follows:

> Nelson R. Carajel,
> Manager
> Connecticut Parking Services
> (Exhibit 2, attached to Affidavit of Counsel)

4

Hence, absent proof otherwise and CPS offered none, there is a presumption of proper service and the court should overrule the motion on this ground. See, Frof, Incorporated v. Harris, 695 F. Supp. 827 (E.D.PA 1988). CPS also claims that the service of the papers was not "left in the hands of an officer or agent of Connecticut Parking Services, Inc.". However, the contention is rebutted again by the return of service and the business card of Nelson R. Carajel. Lastly, CPS claims it did not receive a copy of a subpoena which set forth the provisions of "subdivisions (c) and (d) of Rule 45." Even if this is true, and again reference to the return of service indicates that it is not, there is no basis for the court to quash the subpoena.

    C.    There is not a proper assertion of privilege protecting against disclosure of the documents sought in the subpoena.

CPS simply asserts that the subpoena seeks "the production of privileged or other protected matter and no exception of waiver applies". While Rule 45 provides that information may be subject to protection, subsection (d)(2) states "the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim" CPS's bald faced objection simply fails to satisfy its burden and thus any purported claim of privilege is waived. Since the privilege may interfere with the search for truth, it is to be construed narrowly. See, United States v. Evans, 113 F. 3d 1457, 1460 (7th Cir. 1997); McCook Metals L.L.C. v. Alcoa, Inc., 192

5

F.R.D. 242, 256 (N.D. Ill 2000). The party invoking the privilege has the burden of showing that it applies. See, In re: Grand Jury Proceedings, 220 F.3d 568, 571 (7th Cir. 2000). The invocation of the privilege must be supported by specific facts as to each document at issue. Id.; Holifield v. United States, 909 F.2d 201, 204 (7th Cir. 1990). This will often necessitate the submission of an affidavit or declaration with specific facts and/or the submission of the documents in camera conclusory or blanket assertions about the documents will not suffice. ConAgra, Inc. v. Arkwright Mutual Insurance Co.,32 F. Supp.2d 1015, 1017 (N.D. Ill. 1999); Allendale Mutual Insurance Co. v. Bull Data Systems, Inc., 152 F.R.D. 132, 139 (N.D. Ill.1993).

>   D.   **CPS has failed to support its claims that the compliance with the subpoena subjects it to an undue burden.**

The subpoena called for the production of a series of documents. Notwithstanding the simple conclusory incantation and lack of support set forth in the non-party's motion to quash, upon the receipt of the motion, plaintiff offered to inspect documentation and materials rather than to require production of copies. CPS has continued to refused to allow inspection of all items, excepting item 8, but refused to designate a time and place for the inspection of those documents.

The non-party simply has failed to meet the obligation it has to protect its rights.

### III. THE PLAINTIFF'S MOTION FOR CONTEMPT SHOULD BE GRANTED

The last section of Rule 45 provides a basis for this Court to hold the non-parties in contempt of court for failure to obey a subpoena. Given the lack of any merit to the motion to quash, and the lack of any willingness to compromise from its position despite repeated entreaties otherwise, plaintiff submits the non-parties lacked "adequate cause" for non compliance with the subpoenas and should be held in contempt.

WHEREFORE, the plaintiff seeks an order overruling the non-party's motion to quash and seeks an order enforcing the subpoenas and holding the non-parties in contempt for failure to comply.

Respectfully submitted,

THE PLAINTIFF
ROBERT T. PARKER

By: _____
Eliot B. Gersten, Esq. (ct05213)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Fax: 860-527-4968
His Attorneys

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via U.S. Mail, first class, postage prepaid or hand delivered on this 11th day of November, 2003 to:

Jill Hartley, Esq. (ct10570)
Michael G. Albano (ct21440)
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
*Tel: 860-541-2077*
*Fax: 860-713-8944*

Jonathan L. Gould, Esq. (ct 05237)
Law Offices of Jonathan L. Gould
214 Main Street
Hartford, CT 06106
Tel: 860-278-9115
Fax: 860-278-9124

Stanley Cohen, Esq. (ct 00014)
Cohen, Auger, Burns & Hard
39 Grand Street
Hartford, CT 06106
Tel: 860-549-4740
Fax: 860-247-2126

_____
Eliot B. Gersten