## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## (HARTFORD)

| | | |
|---|---|---|
| ROBERT T. PARKER, | : | CIVIL ACTION NO.: |
| | : | 3:03CV930(CFD) |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| HARTFORD PARKING AUTHORITY, ET AL. | : | |
| | : | |
| DEFENDANTS | : | December 3, 2003 |
| | : | |

### OBJECTION TO NON-PARTY'S
### MOTION FOR EXTENSION OF TIME

Plaintiff submits this objection to the motion for an extension of time filed by the non-party Connecticut Parking Services to file its memorandum to support the objection, motion to quash and motion for costs filed **September 25, 2003**.  The non-party's motion for extension of time is only  a continuation of its efforts to preclude any discovery taking place.

Counsel for the parties have exchanged correspondence since the filing of the initial objection and the non-party has failed to supply any justification for its position and furthermore rejected all efforts to make the process less "cumbersome and harassing". Instead, the non-party insists that it need not to produce any documents and continues its efforts to delay production, forcing the plaintiff to file the pending motion to compel and contempt in an effort to enforce the outstanding subpoena duces

tecum. The current motion for an extension only substantiates this perception by

seeking an open ended extension, *without explanation or reasons why the extension is*

*needed* and without first seeking consent of the plaintiff.

Moreover, even after notifying plaintiff of the pending motion, plaintiff extended

yet another courtesy to the non-party (see attached), which has gone without response.

(Other than another phone call indicating the non-party has refused to produce most of

the documents.)  Plaintiff submits that the time to resolve this discovery abuse has

come and objects to the extension sought and seeks the relief set forth in its motion for

contempt.

Respectfully submitted,

THE PLAINTIFF
ROBERT T. PARKER

By:    _____
Eliot B. Gersten, Esq.  (ct05213)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Fax: 860-527-4968
E-Mail: Eliotg@gersten-clifford.com
His Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via U.S. Mail, first class, postage prepaid or hand delivered on this 3rd day of December, 2003, to:

Jill Hartley, Esq.  (ct10570)
Michael G. Albano (ct21440)
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
*Tel: 860-541-2077*
*Fax: 860-713-8944*

Jonathan L. Gould, Esq. (ct 05237)
Law Offices of Jonathan L. Gould
214 Main Street
Hartford, CT 06106
Tel: 860-278-9115
Fax: 860-278-9124

Stanley Cohen, Esq. (ct 00014)
Cohen, Auger, Burns & Hard
39 Grand Street
Hartford, CT 06106
Tel: 860-549-4740
Fax: 860-247-2126

Eliot B. Gersten

# GERSTEN & CLIFFORD

ATTORNEYS AT LAW
214 Main Street
Hartford, CT 06106-1881
Telephone (860) 527-7044
Telecopier (860) 527-4968
(E-mail: EliotG@gersten-clifford.com)

ELIOT B. GERSTEN, ESQUIRE

December 2  2003

Our File No. 3756-001

Stanley Cohen, Esq.
Cohen Auger Burns & Hard
39 Grand Street
Hartford, CT 06106

Re:    **Robert T. Parker v. Hartford Parking Authority, et al.**

Dear Stanley:

I received your voice mail today and reviewed your motion for extension of time.  Based upon my understanding of the voice mail, it appears that you simply reiterated your position that plaintiff is not entitled to compliance with the outstanding subpoenas.

I plan on filing an objection to your motion for extension of time because I have been trying to obtain cooperation and have offered compromises to you several times since October 14th,  and we have made no progress.  Indeed I had to file a motion seeking contempt.

I will wait to file the objection until tomorrow in the event that I failed to understand your voice mail correctly , and that you can articulate what documents you will produce, and when.  If the proposed production meets most of what I asked for then we can avoid any more work being done in motion practice.  Even absent complete compliance, if there is a meaningful step forward by your client, then we can represent to the court that we have made some progress and can avoid or  postpone intervention.  If you have no intention to comply with the subpoenas, then you should file your opposition to the contempt motion to supplement that on file and we can allow the court to proceed. My point is only that the time to proceed in some fashion has arrived.

Let me know what you want to do.

Very truly yours,

GERSTEN & CLIFFORD