UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT T. PARKER | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03cv 930 (CFD) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD PARKING AUTHORITY and | : | |
| MERYTH DEAN WILLIAMS, Chairperson, | : | |
| Hartford Parking Authority in her official | : | |
| and individual capacities and | : | |
| SERAFIN MENDEZ MENDEZ, Treasurer, | : | |
| Hartford Parking Authority in his official | : | |
| and individual capacities, | : | |
| Defendants. | : | FEBRUARY 13, 2004 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
### TO SECOND AMENDED COMPLAINT

### JURISDICTION

1.     Defendants, Hartford Parking Authority, Meryth Dean Williams and Serafin Mendez Mendez (collectively, "Defendants"), admit "[t]his is a civil action brought by the plaintiff against defendants" in which Plaintiff alleges violations of his alleged rights under the First and Fourteenth Amendments to the United States Constitution and Sections 3, 4 and 14 of Article First of the Connecticut Constitution, as enforced through 42 U.S.C. Section 1983 and C.G.S. Section 31-51q. Defendants admit that the action seeks a monetary award, equitable remedies, punitive damages, attorney's fees and costs. Defendants deny the remaining allegations contained in Paragraph 1 of the Second Amended Complaint dated January 13, 2004

(the "Second Amended Complaint").

2.  Defendants admit the allegations contained in the first sentence of Paragraph 2 of the Amended Complaint. The remaining allegations contained in Paragraph 2 are denied.

3.  Defendants admit that "[v]enue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b)." Defendants deny the remaining allegations contained in Paragraph 3 of the Second Amended Complaint.

## PARTIES

4.  Defendants admit that "[t]he plaintiff, Robert T. Parker (hereinafter called "Parker" or the "Plaintiff"), is a citizen of the United States." Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in the first sentence of Paragraph 4 of the Second Amended Complaint and therefore deny same and leave Plaintiff to his proof. That portion of Paragraph 4 that states "[a]t all times relevant herein" is denied. Defendants admit the remaining allegations of the second sentence of Paragraph 4.

5.  Defendants admit the allegations contained in the first sentence of Paragraph 5 of the Second Amended Complaint. Defendants neither admit nor deny the allegations contained in the second and third sentences of Paragraph 5 inasmuch as the ordinance and state statute referred to therein speak for themselves. Defendants admit the allegations contained in the last sentence of Paragraph 5.

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

6. Defendants neither admit nor deny the allegations contained the first and second sentences of Paragraph 6 of the Second Amended Complaint inasmuch as Chapter 10 of the Hartford Municipal Code speaks for itself. Defendants admit that the Authority depends upon the revenue from these facilities to pay for obligations generated by the sale of the City of Hartford Parking System Revenue Bonds. Defendants lack sufficient information to admit or deny the remaining allegations contained the last sentence of Paragraph 6.

7. Defendants admit the allegations contained in the first through fourth sentences of Paragraph 7 of the Second Amended Complaint. Defendants neither admit nor deny the allegations contained in the last sentence of Paragraph 7 inasmuch as they call for a legal conclusion.

8. That portion of Paragraph 8 that states "[a]t all times relevant herein" is denied. Defendants admit the remaining allegations of Paragraph 8 of the Second Amended Complaint.

9. That portion of Paragraph 9 that states "[a]t all times relevant herein" is denied. Defendants admit the remaining allegations of Paragraph 9 of the Second Amended Complaint.

### STATEMENT OF THE CLAIM

10. Defendants deny the allegations contained in the first sentence of Paragraph 10 of the Second Amended Complaint. Defendants admit the allegations contained in the second sentence of Paragraph 10 except for that portion which states "regular dining out together."

- 3 -

Defendants admit that Defendant Mendez dines out with Carlos Lopez approximately four times a year.

11. That portion of Paragraph 11 of the Second Amended Complaint that states "[b]etween 1997 and April 2003 " is denied. Defendants admit that the Authority raised issues about the performance of CPS and in particular the way CPS handled finances on behalf of the Authority and the reporting of financial income. Defendants further admit that some of the issues raised by the Authority are referenced in two separate audits conducted by the City of Hartford. Defendants deny the remaining allegations contained in the first sentence of Paragraph 11. Defendants lack sufficient information to admit or deny the allegations contained in the last sentence of Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendants admit that in June of 2002, Plaintiff was selected by the Parking Authority's Chairperson to serve as Comptroller and that the selection of Plaintiff was ratified by the Parking Authority. Defendants further admit that, as Comptroller, Plaintiff was responsible for establishing and maintaining a revenue collection, depositing, reporting and accounting system for the revenues of the Parking Authority. Defendants deny the remaining allegations contained in Paragraph 13 of the Second Amended Complaint.

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

10. [sic] That portion of Paragraph 10 of the Second Amended Complaint that states "[b]etween June 2002 and May 15, 2003, Parker performed his job as requested by the Authority" is denied. Defendants admit that, as part of his job, Plaintiff was involved in attempting to resolve outstanding issues about the way CPS handled finances on behalf of the Authority. Defendants neither admit nor deny the allegations contained in the second sentence of Paragraph 10 inasmuch as they call for legal conclusions.

11. [sic] Defendants admit that in April and May 2003, the Parking Authority was in the process of negotiating a modification of its existing contract with Connecticut Parking Services, Inc. and its President, Carlos Lopez, to manage the MAT garage, which included a potential extension of the CPS contract to manage the MAT garage. Defendants further admit that Parker learned of such negotiations for an extension of the management contract in April of 2003. Defendants lack sufficient information to admit or deny what else, if anything, Plaintiff "learned" about the negotiations and deny that part of Paragraph 11 that states "additional funds." The remaining allegations of Paragraph 11 of the Second Amended Complaint are denied.

12. That portion of Paragraph 12 of the Second Amended Complaint which states "that the proposed contract extension was not in the public interest" is neither admitted nor denied inasmuch as it calls for a legal conclusion. Defendants admit that after Plaintiff learned that negotiations between the Parking Authority and CPS were taking place, Parker raised

- 5 -

alleged concerns verbally and by written memorandum to Authority officials, including Mendez. Defendants deny that portion of Paragraph 12 which states "and Williams." Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 12 because Defendants do not know what Plaintiff "believed."

13. That portion of Paragraph 13 of the Second Amended Complaint that states "[a]s part of his complaints" is denied. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 13 and therefore deny same and leave Plaintiff to his proof as Defendants do not know what Parker "believed."

14. Defendants deny the allegations contained in Paragraph 14 of the Second Amended Complaint.

15. Defendants admit that consideration of the proposed amendment to the CPS contract was a matter that was on the agenda for the Special Meeting of the Parking Authority which occurred on May 14, 2003. Defendants further admit at the May 14, 2003 Special Meeting, Plaintiff started to speak but was told by Defendant Williams that he was not recognized. Defendants deny the remaining allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Defendants deny that Parker requested to speak. Defendants admit that Parker was not recognized by Defendant Williams to speak. Defendants deny the remaining allegations contained in the first sentence of Paragraph 16 of the Second Amended Complaint.

Defendants admit that Parker left the May 14, 2003 Special Meeting. Defendants deny the remaining allegations contained in the second sentence of Paragraph 16.

17.  That portion of Paragraph 17 of the Second Amended Complaint that states "[a]fter Parker left, the Parking Authority voted to extend the CPS contract" is admitted. Defendants deny the remaining allegations contained in Paragraph 17 of the Second Amended Complaint.

18.  Defendants admit that on May 14, 2003, Defendant Mendez requested the Associate Director for the Parking Authority to change the locks in Plaintiff's office without notice to Plaintiff. Defendants admit that Defendant Williams (in her capacity as Chairperson) and Defendant Mendez (in his capacity as Chairman of the Personnel Committee) had decided to suspend Plaintiff with pay and informed Plaintiff of this decision. Defendants deny the remaining allegations contained in Paragraph 18 of the Second Amended Complaint.

19.  Defendants admit that during the pendency of Plaintiff's suspension with pay, Defendant Williams refused to allow Plaintiff to return to work. Defendants deny the remaining allegations contained in Paragraph 19 of the Second Amended Complaint.

20.  Defendants deny the allegations contained in Paragraph 20 of the Second Amended Complaint.

21.  That portion of Paragraph 21 of the Second Amended Complaint which refers to "matters of public concern" is neither admitted nor denied inasmuch as it calls for a legal

- 7 -

conclusion. Defendants admit that Plaintiff spoke about Parking Authority practices with regard to CPS. Defendants deny the remaining allegations contained in Paragraph 21.

22.   Defendants admit that on September 15, 2003, Plaintiff's employment with the Authority was terminated. Defendants deny the remaining allegations contained in the first sentence of Paragraph 22 of the Second Amended Complaint. Defendants admit that Defendant Williams denied that the action stemmed from Plaintiff's attempt to speak at the meeting. Defendants deny that portion of the second sentence of Paragraph 22 which states "later tried." Defendants admit that Plaintiff was provided notice of his termination on September 15, 2003. The remainder of Paragraph 22 is denied.

23.   Defendants deny the allegations contained in Paragraph 23 of the Second Amended Complaint.

24.   Defendants deny the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.   The allegations contained in Paragraph 25 of the Second Amended Complaint are denied.

26.   Defendants deny the allegations contained in the first sentence of Paragraph 26 of the Second Amended Complaint. Defendants admit the allegations contained in the second sentence of Paragraph 26 except for that portion which states "also" which is denied.

27.   Defendants deny the allegations contained in Paragraph 27 of the Second

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. That portion of Paragraph 29 which states "defendants' actions" is denied. Defendants neither admit nor deny the remaining allegations contained in Paragraph 29 of the Second Amended Complaint inasmuch as they call for legal conclusions.

30. Defendants deny the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Second Amended Complaint.

### AFFIRMATIVE DEFENSES

### Affirmative Defense

Defendants are immune from liability for their alleged actions pursuant to the doctrine of qualified immunity.

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

DEFENDANTS, HARTFORD PARKING
AUTHORITY, MERYTH DEAN WILLIAMS
and SERAFIN MENDEZ MENDEZ

By: /s/ Jill Hartley
Jill Hartley
Fed. Bar No. CT 10570
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Tel: (860) 541-2077
Fax: (860) 713-8944

### CERTIFICATION

I hereby certify that a copy of the foregoing was sent via U.S. Mail, first class, postage prepaid, on this 13th day of February, 2004 to:

Eliot B. Gersten, Esq.  
Gersten & Clifford  
214 Main Street  
Hartford, CT 06106

Jonathan L. Gould, Esq.  
214 Main Street  
Hartford, CT 06106

/s/ Jill Hartley

E:\WPDOCS\HartfordParking\Parker\answer.2nd.amended.compl.wpd