UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT T. PARKER | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03cv 930 (CFD) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD PARKING AUTHORITY and | : | |
| MERYTH DEAN WILLIAMS, Chairperson, | : | |
| Hartford Parking Authority in her official | : | |
| and individual capacities and | : | |
| SERAFIN MENDEZ MENDEZ, Treasurer, | : | |
| Hartford Parking Authority in his official | : | |
| and individual capacities, | : | |
| Defendants. | : | MARCH 25, 2004 |

## STIPULATION

The parties to the above-captioned matter, by and through their attorneys, hereby

stipulate and agree as follows:

1.      Defendants waive any attorney-client privilege and/or work product doctrine

attaching to communications between members of the Hartford Parking Authority ("HPA") and

any attorney employed by the Office of Corporation Counsel for the City of Hartford regarding:

the procedure to be followed in terminating the Plaintiff's employment with HPA.  Defendants

further waive any attorney-client privilege and/or work product doctrine attaching to

communications between Ann Bird and Meryth Williams regarding whether Plaintiff could be

terminated.  Defendants further waive any attorney/client privilege and/or work product

doctrine attaching to a communication between Denise Aguilera and Meryth Williams during the HPA Special Meeting on May 14, 2003 regarding whether Plaintiff was allowed to speak at such meeting.  Plaintiff agrees that this waiver shall not be construed to extend beyond the subject matters set forth in this Paragraph;

2.      Defendants agree that communications between Denise Aguilera, Esq. and any member of the HPA regarding advice provided by Attorney Aguilera that may properly be characterized as business advice, rather than legal advice, are not privileged and may be discoverable in this lawsuit, and Plaintiff agrees that nothing in this Paragraph shall constitute a waiver as to the communications described in Paragraphs 3 and 4 below;

3.      Plaintiff and Defendants agree that nothing in Paragraphs 1 or 2 shall constitute a waiver of any attorney-client privilege and/or work product doctrine applicable to communications between Attorney Aguilera and any member of the HPA regarding advice provided by Attorney Aguilera that may properly be characterized as legal advice as to the activities of HPA.  Plaintiff does not concede that the communications referenced in this Paragraph are protected by the attorney-client privilege and/or work product doctrine.  Plaintiff and Defendants agree that such communications may be addressed by Plaintiff's Counsel during depositions on a question by question basis, subject to Defendants' Counsel's objection on the grounds of privilege;

- 2 -

4.      Plaintiff and Defendants agree that communications between attorneys employed by the Office of Corporation Counsel for the City of Hartford and any member of the HPA regarding the defense of this lawsuit are protected by the attorney-client privilege and/or the work product doctrine, and nothing in Paragraphs 1-3 of this Stipulation shall be deemed a waiver of any applicable privilege as to those communications; and

5.      The parties hereto agree that the communications described herein are not exhaustive of the type of communications to which the attorney-client privilege and/or work product doctrine may attach, and that the parties will work in good faith to address any disputes

that may arise during depositions regarding communications not expressly covered by this

Stipulation.

Dated March _____, 2004.

PLAINTIFF, ROBERT PARKER


By:    _____
        Eliot Gersten
        His Attorney


Dated March _____, 2004.

DEFENDANTS, HARTFORD PARKING AUTHORITY, MERYTH DEAN WILLIAMS
AND SERAFIN MENDEZ-MENDEZ


By:    _____
        Jill Hartley
        Their Attorney


E:\WPDOCS\HartfordParking\Parker\priv.stip.March.25th.2004.AddedWaivers.wpd

- 4 -