## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT T. PARKER, | CIVIL ACTION NO. |
| Plaintiff, | 3:03CV930(CFD) |
| v. | |
| HARTFORD PARKING AUTHORITY ET AL. | |
| Defendants | April 20, 2004 |

### THE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE CITY OF HARTFORD'S MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

The plaintiff, Robert T. Parker, (hereafter called Mr. Parker) submits this opposition to City of Hartford's motion for a protective order over the information that Mr. Parker seeks in his deposition notice addressed to the City dated March 26, 2004. The deposition sought to question "the agent and/or representative of the City of Hartford who has the most knowledge regarding the City's personnel rules, policies and practices relating to its employees." (Attachment 1). Mr. Parker will show that, contrary to the City's arguments, the deposition testimony will produce information relevant to his case.

Rule 26(b) (1) of the Federal Rules defines the scope of discovery as encompassing "any matter, not privileged, that is relevant to the claim or defense of any party. " Relevance is further defined in the federal rules as evidence

"having any tendency to make the existence of any fact. . .more or less probable." Rule 401, Federal Rules of Evidence. The City's personnel rules and practices that will be the subject of the deposition are directly relevant to Mr. Parker's due process claims and hence discoverable. Thus, the Court should deny the motion and order the City to send a representative to attend the deposition.

## ARGUMENT

As set forth in paragraphs 23 through 27 of the second amended complaint, Mr. Parker's claims that the defendant, Hartford Parking Authority (hereafter called HPS), denied him his rights to due process of law by firing him without either just cause or a hearing. In support of this claim, Mr. Parker alleged that he had a contract right to continue in his job with HPS by virtue of the rights and protections as set forth in HPS' Personnel Rules and Regulations. These rules protected Mr. Parker's position as HPS' Controller unless HPS had just cause to dismiss him from that position. Because of these protections, the due process clause required the defendants to provide him with both a pre-termination and post-termination hearing and to prove at those hearings that they had just cause to fire him.

As part of the discovery in this case, Mr. Parker has produced HPS' Personnel and Regulations that support his due process claims. In part, the rules provide:

"Dismissal " means the complete separation of an employee from his position *by preferring charges against him in writing with cause or* by failure on the employee's part to satisfactorily complete a probation period.

(Attachment 2, p. 2) (Emphasis added).

They also provide:

<u>Purpose of Rules</u>.  It is the purpose of these rules to provide a standard procedure for the Hartford Parking Authority and provide direction on benefits and personnel procedures by those in its employ.  *These rules are patterned after the City of Hartford Personnel Rules and Regulations, which have been adopted herein where relevant* to the Hartford Parking Authority.

The rules shall be applied *in accordance with the purpose of the City Charter*, which are interpreted and declared to be as follows:

1.       *To establish for employees a system of personnel administration based on merit principles and designed to secure efficient administration.*

2.       *To govern the appointment, promotion, demotion, layoff, removal and discipline of such employees and other incidents of employment on the basis of merit and fitness.*

(Attachment 2, p. 1) (Emphasis added).

After further discovery, Mr. Parker learned that, before HPS decided to fire him, Hartford Assistant Corporation Counsel Ann Bird had reviewed HPS' personnel rules and issued an opinion that somehow concluded that Mr. Parker was an at will employee.  Consequently, Atty. Bird advised the defendants that they could terminate Mr. Parker's employment for any reason and that they did not have to provide him with a hearing before taking such action.  (See Attachment 3).

3

As part of his case, Mr. Parker intends to prove that Atty. Bird's interpretations of HPS' rules are not only wrong but completely unreasonable. Not only do HPS' rules specifically provide that Mr. Parker cannot be terminated except for just cause, ("'Dismissal' means the complete separation of an employee from his position by preferring charges against him in writing with cause"), they specifically incorporate the merit principles set forth in Hartford's personnel rules and the City Charter.

Under the City's rules, City employees in positions similar to Mr. Parker's have just cause protections and rights to pre- and post-termination hearings that HPS denied to Mr. Parker. Thus, the information that Mr. Parker will obtain at the deposition from the City's representative regarding the City's personnel rules is relevant to the claims in this case and subject to discovery.

**CONCLUSION**

For all the foregoing reasons, the Court should deny the City's motion for protective order and order the City to produce the representative described in the deposition notice.

Respectfully Submitted,

THE PLAINTIFF,
ROBERT T. PARKER

By: _Eliot B Gersten (ZZ M)_
Eliot B. Gersten (ct14632)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Telephone No. (860) 527-7044
Fax No. (860) 527-4968
*E-mail: eliotg@gersten-clifford.com*

By: _Jonath L Gould_
Jonathan L. Gould, Esq. (ct 05237)
Law Offices of Jonathan L. Gould
214 Main Street
Hartford, CT 06106
Tel: 860-278-9115
Fax: 860-278-9124
E-mail: jgould@igc.org
His Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed and/or hand delivered, via U.S. Mail, postage prepaid, to all counsel and pro se parties of record on April 20, 2004 as follows:

Atty. Jill Hartley, Esq.
Atty. Michael G. Albano
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Atty. John Rose
Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Stanley Cohen, Esq.
Cohen, Auger, Burns & Hard
39 Grand Street
Hartford, CT 06106

Jonathan L. Gould

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CORPORATION COUNSEL

04 MAR 29  PM 3: 27

|  |  |
|---|---|
| ROBERT T. PARKER, | : CIVIL ACTION NO. |
| Plaintiff, | : 3:03CV930(CFD) |
| v. | : |
| HARTFORD PARKING AUTHORITY ET AL. | : |
| Defendants | : March 26, 2004 |

## <u>NOTICE OF DEPOSITION</u>

To:   City of Hartford
      550 Main Street
      Hartford, CT 06103

      Atty. Jill Hartley, Esq.
      Atty. Michael G. Albano
      Sabia & Hartley, LLC
      190 Trumbull Street, Suite 202
      Hartford, CT 06103

      Atty. John Rose
      Corporation Counsel
      City of Hartford
      550 Main Street
      Hartford, CT 06103

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, the Plaintiff will take the deposition, upon oral examination, of the agent and/or

representative of the City of Hartford who has the most knowledge regarding the City's

personnel rules, policies and practices relating to its employees on Friday April 9, 2004 **at 10:00**

**a.m.** at the law offices of **Gersten & Clifford, 214 Main Street, Hartford, Connecticut,** before

a court reporter or other authority competent to administer an oath. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the Federal Rules of Civil Procedure and laws of the State of Connecticut.

**ALSO TAKE NOTICE THAT,** pursuant to Rules 30(b)(5) and 34 of the Federal Rules, the deponent is hereby required to produce at the time of such deposition copies of all documents comprising the personnel rules and/or policies relating to employees of the City of Hartford as they existed from January 1, 2003 to the present.

You are invited to attend and cross-examine.

THE PLAINTIFF,
ROBERT T. PARKER

By: _Eliot B Gersten (ILG)_
Eliot B. Gersten (ct14632)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Telephone No. (860) 527-7044
Fax No. (860) 527-4968
*E-mail: eliotg@gersten-clifford.com*

By: _Jonathan L Gould_
Jonathan L. Gould, Esq. (ct 05237)
Law Offices of Jonathan L. Gould
214 Main Street
Hartford, CT 06106
Tel: 860-278-9115
Fax: 860-278-9124
E-mail: jgould@igc.org
His Attorney

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed and/or hand delivered, via U.S. Mail, postage prepaid, to all counsel and pro se parties of record on March 26, 2004 as follows:

Atty. Jill Hartley, Esq.
Atty. Michael G. Albano
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Atty. John Rose
Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Stanley Cohen, Esq.
Cohen, Auger, Burns & Hard
39 Grand Street
Hartford, CT 06106


Jonathan L. Gould

# HARTFORD PARKING AUTHORITY

# PERSONNEL RULES AND PROCEDURES

<u>Purpose of Rules.</u>  It is the purpose of these rules to provide a standard operating procedure for the Hartford Parking Authority and provide direction on benefits and personnel procedures by those in its employ.  These rules are patterned on the City of Hartford Personnel Rules and Regulations, which have been adopted herein where relevant to the Hartford Parking Authority.

The rules shall be applied in accordance with the purposes of the City Charter, which are interpreted and declared to be as follows:

1.  To establish for employees a system of personnel administration based on merit principles and designed to secure efficient administration.

2.  To govern the appointment, promotion, demotion, layoff, removal and discipline of such employees and other incidents of employment on the basis of merit and fitness.

<u>Amendment of Rules.</u>  The Hartford Parking Authority by majority vote may amend or add to these rules and regulations not inconsistent with the provisions of the Charter as deemed suitable and necessary.  Amendments changing basic provisions of the rules must be approved by the City Council.



PLAINTIFF'S EXHIBIT

DEFINITIONS

Definitions.  The following words and terms used in these rules shall have the meanings indicated below unless the context clearly requires otherwise.

"ALLOCATION" means the assignment of an individual position to an appropriate class on the basis of the kind, difficulty, and responsibility of the work actually performed in the position.

"APPOINTING AUTHORITY" means an officer or agency having power to make appointments to positions.

"CLASS" or "CLASS OF POSITIONS" means a group of positions sufficiently alike in duties, authority, and responsibility to justify the application of the same class title, qualifications and salary range to all positions in the group.

"CLASS SPECIFICATION" means the written description of a class containing the official title, a statement of the duties, authority, responsibilities and the qualifications that are necessary or desirable for the satisfactory performance of the duties in the class.

"DEMOTION" means the changing of an employee from a position in one class to a position in another class having a lower maximum salary rate.

"DISMISSAL" means the complete separation of an employee from his position by preferring charges against him in writing with cause or by failure on the employee's part to satisfactorily complete a probationary period.

"ELIGIBLE" means a person whose name is on an active employment list.

"EMPLOYEE" means a full time, permanent individual who has completed the probationary period.

"FULL TIME POSITION" means a position requiring the observance of normal working hours on a year round basis.

"LAYOFF" means the temporary or permanent separation of an employee due to lack of work or funds.

"PART TIME POSITION" means a position involving sub-normal working hours such as a few hours a day or days a week on a regular, recurring basis and paid on a proportional basis at one of the weekly rates established for full time employment.

"PERMANENT POSITION" means a regularly established position in which the duties are of such a nature that it can reasonably be assumed that the position will continue indefinitely.

"POSITION" means a related group of duties within an organizational unit assigned to an employee.

"PROBATIONARY PERIOD" means a working test period during which an employee is required to demonstrate his/her fitness to perform the duties of the class of position to which he/she was appointed.

"PROMOTION" means advancing an employee from a position in one class to a position in another class having a higher maximum pay range.

"SEASONAL POSITION" means a position requiring the observance of normal working hours but which is filled only during certain months or seasons of the year.

"SUSPENSION" means the temporary separation of an employee from the service for disciplinary reasons and for a definite period of time specified in writing.

"TEMPORARY EMPLOYEE" means any employee appointed to a temporary position or temporarily appointed to fill a regular position.

"TEMPORARY POSITION" means a regularly established position created for a designated period of time not to exceed three months.

"TRANSFER" means a change of an employee from one position to another position in the same class or another class having the same minimum and maximum salary limits, involving the performance of similar duties and requiring substantially the same basic qualifications.

"HOURLY BASIS POSITION" means a position regularly involving other than the standard hours of work on either a daily, weekly, or seasonal basis and paid an hourly rate of pay which should be comparable to but not necessarily equal to the standard weekly salary rate established for regular full time positions.

# THE PAY PLAN

**General.** An equitable pay plan will be established for each position, consisting of minimum and maximum rates, with intermediate growth steps. Salary ranges will be grouped by position with due regard to ranges of pay for other classes, requisite qualifications, prevailing rates of pay for comparable work in other public or private employment in the area, cost of living factors, maintenance or other benefits received by employees and other financial considerations.

**Appointment Rate.** The hiring rate of pay for initial employment shall normally be paid upon appointment to the class. Appointment rates above the hiring rate may be paid if the appointing authority submits a written request with proof that a prospective employee is entitled to a higher rate to the HPA for approval. Justification of approval will be limited to recognition of extraordinary qualifications of an eligible or lack of available eligibles at the hiring rate. If a former employee is re-employed, the hiring authority may, with the approval of the HPA, make an appointment at the rate of pay which the employee had been receiving at the termination of prior service. In the event that a new employee is appointed at a higher rate because of a lack of available eligibles, the pay of present incumbents of the class shall be advanced so that no present employee is receiving a rate of pay less than that of the new employee.

**Pay Increases.** Salary increments recognizing normal growth within established ranges shall be as provided for in the pay plan during the month on which the anniversary date of appointment of the employee to the class occurred. Employees appointed on or before the 15th of the month and who have displayed normal growth shall be paid approved growth increments effective on the first of that month. Employees appointed after the 15th of the month and who have displayed normal growth shall receive the approved growth increment on the first of the succeeding month. Employees shall be appointed growth increments unless managerial head certifies that the employee has not demonstrated the growth normally expected for the class. Such withholding of growth increments shall be based upon standards of performance as indicated by service ratings or other pertinent data. Growth increments shall not be more often than provided by the growth frequency.

**Pay Rates in Demotions.** Employees demoted in salary shall be reduced one growth step in the salary range of the class.

**Overtime.** An employee shall be compensated for overtime only when the overtime work is properly authorized by a supervisor or other individual in a capacity to authorize it.

Employees shall receive time and a half hourly rate for all hours worked exceeding 40 in a week and double time rate for all work on holidays established in these rules.

## APPLICATIONS AND APPLICANTS

Announcements.  Hiring announcements to fill vacant positions will be published in newspapers that are in general circulation in the Hartford area.  The announcements shall specify the nature of the work to be performed; the qualifications desirable for the performance of the work of the position; the place and manner of making application; the closing date for applying; and other pertinent information.

Application Forms.  Applications shall be made on forms provided by the Hartford Parking Authority.  Such forms shall require information covering training, experience, references and other pertinent information.  Each application must be signed by the person applying.

Applications shall be rejected if the applicant does not possess the minimum qualifications required for the position or the application is filed after the announced closing date for receiving applications unless prior to such date an extension has been publicly announced.  Applications also shall be rejected if the applicant is physically unfit for the performance of the duties of the position to which employment is sought including drug addiction or excessive use of alcohol; has made any false statement of material fact or practiced or attempted to practice any deception or fraud in the application.  Applications may be rejected if the applicant has been convicted of a crime or is guilty of any disgraceful conduct.  Whenever an application is rejected, notice of such rejection with a statement of reason shall be mailed to the applicant.

Residency.  First consideration in the filling of positions will be given to Hartford residents.  Proof of residency shall be furnished to the employer.  If no qualified resident candidate can be found, hiring of individuals residing outside of Hartford is permitted.  Once hired, promotion to other positions within the organization will not be hindered by non-residency.

Employees on Military Service.  In the event that the provisions of the Selective Training and Service Act of 1940 or acts supplemental thereto or amendatory thereof are made effective, employees who enlist or are inducted into the armed services, including any branch of such forces, or who enter the services of the Red Cross, or of the Merchant Marine of this or any allied nation or nations, or the Federal Bureau of Investigation, shall be returned to the same class of position occupied prior to enlistment or induction, unless promoted as provided below, provided that within ninety days after honorable separation they advise the Hartford Parking Authority in writing that they are ready and able to accept employment.

Employees failing to advise the Hartford Parking Authority that they are ready and able to resume employment within the ninety day period shall be considered as having resigned.

Employees who have not completed their probationary period before enlistment or induction will be required to complete it.

Permanent, Temporary Full Time, Part Time and Seasonal Positions.  Each position shall be designated as either permanent or temporary and as either full time, part time or seasonal as defined in these rules.  Such designation shall be used in all communications concerning employment, promotion, demotion, suspension, layoff or dismissal.  No employee shall be permanently appointed to a temporary position.  Permanent employees may be assigned to temporary positions where such assignment involves neither a promotion nor a demotion.  Any permanent employee so assigned shall return to his former position when the term of the temporary position expires.

## PROBATIONARY PERIOD

**Objective.**  A probationary or working test period shall be regarded as an integral part of the post hiring process and will be utilized for closely observing the employee's work, for securing the most effective adjustment of a new employee to their position and for rejecting any employee whose performance does not meet the required work standards.

**Duration.**  All employees will be required to successfully complete a working test during a probationary period which shall be of sufficient length to enable the appointing authority to observe the employee's ability to perform the various principal duties pertaining to the position.

The working test period shall begin immediately upon hiring and shall continue for not less than three months nor more than twelve months.  An appointing authority may, at any time after the initial three months, terminate the probation if the employee's performance has been deemed satisfactory.

**Evaluation of Performance.**  At the end of the second month of employment during the probationary period and at intervals of two months thereafter for the duration of the probationary period, a probationary report form shall be prepared by the employee's supervisor and forwarded to the Executive Director.  Such reports shall give an accurate and fair appraisal of the employee's work, his willingness and ability to perform assigned duties satisfactorily and observations concerning habits and dependability.

**Dismissal.**  At any time during the probationary period, the appointing authority may recommend dismissal of the employee, if in their opinion the working test indicates that such employee is unable or unwilling to perform the duties of the position satisfactorily or that their habits and dependability do not merit continuance in the position.  Such recommendation will be in writing and describe the reasons for such decision.  A copy of this recommendation will be provided to the employee.  No employee shall be removed from a position during their probationary period without the approval of the Executive Director.  An employee who is found to have been hired through fraud or error shall be removed within ten days at the option of the Executive Director.

Employees who have completed fifteen years of full time employment on July 1st and served continuously for the previous twelve months shall be entitled to a vacation of four weeks annually.

For the purposes of computing vacation leave, the calendar month will be used, except that a person permanently appointed during the first 15 days of any month shall be considered as having been appointed on the first day of that month; those appointed after the 15th day of any month as having been appointed on the first day of the following month.

Vacation leave may be carried over from one fiscal year to the next to permit a maximum accumulation of no more than six weeks.

Vacation leave shall be granted by mutual agreement between employee and supervisor, however, no supervisor shall withhold vacation leave from any employee in excess of 18 months.

In computing vacation leave, legal holidays established by these rules are not to be considered as part of the vacation allowance.

In the event of the death of an employee, the employee's spouse and/or minor children shall receive the accrued vacation pay earned by the employee. Where the employee has no minor children and has notified the HPA that a valid certificate of domestic partnership is on file with the City of Hartford Town Clerk pursuant to Section 2-63 of the Municipal Code of Hartford, the domestic partner shall receive the accrued vacation pay earned by the employee. In the event the employee has neither a spouse nor minor children nor a domestic partner, the pay shall be paid to the estate of the deceased employee.

Employees who are separated from employment with the HPA and who have accrued vacation to their credit at the time of separation shall be paid the salary equivalent to the accrued vacation leave. Vacation leave accrued during the fiscal year in which the employee is separated will only be paid if the employee is in good standing at the time of separation.

<u>Sick Leave.</u>  Each full time employee shall earn sick leave with pay during and after their probationary period according to the following schedule:

| Length of Service in Months | Days Sick Leave for Employees on a Five Day Work Week |
|---|---|
| 1 | 1.5 |
| 2 | 3 |
| 3 | 4.5 |
| 4 | 6 |
| 5 | 7.5 |
| 6 | 9 |
| 7 | 10.5 |
| 8 | 12 |
| 9 | 13.5 |
| 10 | 15 |
| 11 | 15 |
| 12 | 15 |

It is the intent of this rule that each full time employee appointed on or before July 1st and who serves continuously until the following June 30th shall earn three weeks paid sick leave.  Sick leave is to be used only for the purposes contained in this rule.  Any unauthorized use of sick leave shall be cause for disciplinary action.

Any unused portion of sick leave shall accumulate, from fiscal year to fiscal year, to a total of 120 working days for employees working a standard five day work week.  Thereafter, any unused portion of sick leave shall accumulate from fiscal year to fiscal year at a rate of one day of accumulation for each two days of unused sick leave.  Accumulated sick leave may be used for the purposes specified in these rules, if and when needed.

Except as provided as follows, sick leave cannot be advanced.  In cases of extreme emergency involving valuable employees with a record of meritorious service, who through serious and protracted illness have used up all accumulated sick and vacation leave, an extension of sick leave beyond the maximums provided for in these rules may be granted with the written approval of the Executive Director.

No refund of vacation time shall be allowed due to illness incurred while on vacation leave.

Holidays and regular days off shall not be counted in computing sick leave taken.

Sick leave may be used for the following purposes:

A.  Personal illness, physical incapacity, or non-compensable bodily injury or disease.

B.  Enforced quarantine in accordance with community health regulations.

C.  For reasonable period of time as defined by the Executive Director only for illness or physical incapacity in the employee's immediate family or others domiciled in the same household prior to illness for whom one is responsible and the primary care giver. Immediate family is defined for purposes of this provision to be father, mother, sister, brother, wife, husband, domestic partner or children related either by blood, marriage or adoption to the employee (if domiciled in the Greater Hartford area).

D.  To meet medical and dental appointments. Additionally, sick leave may also be granted for a limited time for normal medical and dental appointments when an employee has made reasonable efforts to secure appointments outside of normal working hours provided that advance notice has been provided.

E.  Death of relatives or friends, marriage in the immediate family, celebration of religious holidays or christenings, graduations and similar ceremonies, where there is a clear family obligation to attend provided prior notification has been submitted in writing giving full particulars in advance, subject to approval either before or after the absence. A maximum of three days a year under this provision shall be granted except that it may be increased in situations beyond the employee's control upon approval of the Executive Director.

F.  Natural fathers who are primary care givers shall be allowed to use accumulated sick leave for a maximum of 30 calendar days. If accumulated sick leave is exhausted prior to the 30 calendar days, the balance of the leave will be without pay. Natural fathers wishing to take such leave must provide a copy of the birth certificate as proof of paternity. Leave will not be granted without the above documentation being provided within five days of the birth.

G.  Domestic partners who are primary care givers shall be allowed to use accumulated sick leave for a maximum of 30 calendar days. If accumulated sick leave is exhausted prior to the 30 calendar days, the balance of the leave shall be without pay. In no case will a domestic partner be eligible for both maternity and primary care leave.

Domestic partners wishing to take such leave must provide a copy of the birth certificate and a copy of the domestic partnership certificate to the Executive Director as proof of the relationship to the birth of the child.

H.  Up to three sick days per year may be used for any purpose not otherwise provided above, subject to the same notification requirements as in subsection E above.

I.  Employees who are adoptive parents or the domestic partner of the adoptive parent shall be allowed to use accumulated sick leave for 30 calendar days for adjustment in family living conditions. If accumulated sick leave is exhausted prior to the 30 calendar days, the balance of the adoption leave will be without pay. Only the person primarily responsible for the child will be entitled to this leave.

Employees wishing to take adoption leave must present copies of legal adoption papers as proof of such adoption. In the case of a domestic partner, proof of a valid domestic partnership certificate must also be filed with the City of Hartford Town Clerk, pursuant to Section 2-63 of the Municipal Code of Hartford. Adoption leave will not be granted without the above documentation.

The Executive Director may require proof of illness or other uses of sick leave as provided in this rule. Proof of sick leave may include a doctor's certificate, personal affidavit or other reasonable verification available to the employee. For absences of less than five days, proof of sick leave will not normally be required unless, in the judgement of the Executive Director, there is a question of authorized usage. For absences of five days or more, a doctor's certificate will normally be required. For absences exceeding one week, a doctor's certificate indicating the nature and probable duration of the disability may be required and additional certificates may be required for extended illness.

Sick leave provided above shall be granted only if the requirements of these provisions are complied with and the initial report of illness is made prior to twelve o'clock noon on the first day of absence. When a relief employee is required, such report must be made before the hour to report for work. Nothing in this paragraph shall preclude the payment of sick leave to an employee who cannot comply with the provisions of this paragraph due to extenuating circumstances.

The Hartford Parking Authority will make payment for accumulated sick leave as follows:

1. Full payment in case of death. Payments in the case of death will be made to the employee's spouse and/or minor children. Where the employee has no minor children and has notified the Hartford Parking Authority that a valid certificate of domestic partnership is on file with the City of Hartford Town Clerk, pursuant to Section 2-63 of the Municipal Code, the domestic partner shall receive the payment. In the event the employee has neither spouse, minor children or domestic partner, the payment will be made to the estate of the deceased employee.

2. Fifty percent payment at time of retirement.

Maternity. Employees who are expectant mothers shall report to their physician before the third month of pregnancy for determination of the proper time for the employee to stop work.

Employees in good standing who comply with the provisions of this section may resign or take maternity leave as provided below:

An employee who wishes to return to her same position must so notify the Executive Director in writing two weeks prior to the last scheduled work day. Such employee will be granted maternity leave of absence not to exceed 45 days after delivery date and shall return to work at the expiration of the leave of absence only after approval by her physician that the employee is physically capable of returning to work. An employee on maternity leave of absence is eligible for paid sick leave. When any accumulated sick leave is exhausted, the employee will be carried on leave of absence without pay for the balance of the maternity leave period.

An employee who is unable to return to employment at the end of the 45 day postpartum period may apply to the Executive Director for a leave of absence without pay, which, together with any unpaid portion of the employee's maternity leave, does not exceed three months in duration.

An employee who does not return to work on or before the expiration of her approved leave of absence will be deemed to have resigned. If the employee resigns in good standing on or before the expiration of the leave of absence, such resignation may be withdrawn as provided for below.

An employee may resign due to pregnancy by so notifying the Executive Director in writing two weeks prior to the last scheduled work day. Such resignation may be withdrawn after approval by a personal physician that the employee is physically capable of returning to work.

Compensation for Injuries and Disease.  Each employee shall be compensated for any injury or occupational disease under the provisions of the Worker's Compensation Act of Connecticut.  In addition to payments received under the Worker's Compensation Act, any employee with six months of continuous service shall receive payment from the Authority, which payment will equal the difference between the employee's full pay and the payments received under the Worker's Compensation Act.  This additional payment shall be made during the entire period that the employee collects under the Worker's Compensation Act, not to exceed one year.

No payments in addition to Worker's Compensation shall be paid when the personal injury shall have been caused by the willful and serious misconduct of the injured employee or by intoxication or the improper or excessive use of drugs.

Injuries and disease arising out of and in the course of employment shall be reported forthwith by the employee to their supervisor who, in turn, shall make a full report on a prescribed form to the Executive Director.

Other Leave of Absence with Pay.  Employees shall be granted leaves of absence for required jury or any other civic duty requiring appearance before a court or other public body.  Such employees shall receive that portion of their regular salary which, will together with their jury pay or fees, equal their total salary for the same period, except where this rule is in conflict with state or federal law.

With the approval of the Executive Director, leave with pay may also be granted to allow a regular employee to engage in official training courses or to participate in other official activities.

Any full time employee who is a member of the National Guard or naval militia, or other reserve forces of the United States, and is required to undergo the field training therein, shall be entitled to a leave of absence with pay for the period of such field training, to a maximum of one month; provided the amount of compensation paid to such employee for such leave of absence  shall be the difference between his compensation for military activities as shown by a statement by military authorities giving his rank, pay and allowances and the amount of salary or wages due as an employee of the Hartford Parking Authority.  If the compensation for military service is equal to or greater than the salary or wages due as an employee for the period covered by such military leave, then no payment shall be made, except that normal payroll deductions for pension and insurance shall be paid by the Hartford Parking Authority during such leave.

Three days' special leave with full pay shall be granted for death in the immediate family of an employee, or the immediate family of his or her spouse or domestic partner.  Immediate family for purposes of this clause is defined as parents, grandparents, child, son-in-law, daughter-in-law, grandchild, spouse, brother, sister and any relation who is domiciled in the employee's household.

Leave of Absence Without Pay.  The Executive Director, with the approval of the Hartford Parking Authority, may grant a regular employee leave of absence without pay for a period not to exceed one year for travel or study.  Such leave shall be granted only when it will not result in undue prejudice to the interests of the Authority as an employer beyond any benefits to be realized.  No leave without pay shall be granted except upon written request of the employee and a guarantee by the employee that he/she will serve the Authority for at least one year after return from such leave.  Whenever granted, such leave will be approved in writing by the Executive Director.

Upon expiration of a regularly approved leave without pay, the employee shall return to work in the position held at the time leave was granted.  Failure on the part of the employee on leave to report promptly at its expiration, without good cause, shall be considered as a resignation.

No such leave shall be granted primarily in the interests of the employee except in the case of one who has shown by his/her record of service or by other evidence to be of more than average value to the Authority and whose service it is desirable to retain even at such sacrifice.

Leave of absence without pay may also be granted to permanent employees for a period of up to three months upon written application to the Executive Director stating the reasons for the request and with his/her prior approval.

In addition to the above leaves of absence without pay, any permanent employee shall be entitled to:

1. A maximum of 24 weeks of family leave of absence within any two year period upon the birth or adoption of a child of such employee or upon the serious illness of a child, spouse, parent, partner and domicile relative of such employee.

2. A maximum of 24 weeks of medical leave of absence within any two year period upon the serious illness of such employee.

Upon expiration of any leave of absence granted under this section, the employee shall be entitled to return to their original job or, if not available, to an equivalent position with equivalent pay.

Any such leave of absence will not result in a break in service provided however, that the employee on such leave will not accrue vacation or sick leave during the period of such leave. Any health and/or life insurance paid for by the Authority will continue to be paid by the Authority during any such leave.

Any employee requesting a leave under this section for reasons of serious illness may submit, prior to inception of such leave, written documentation from the attending physician of the employee, child, spouse, parent, partner or domicile relative of the nature and probable duration of the illness. For purposes of this section, "serious illness" is defined as an illness, injury, impairment of physical and mental condition that involves (a) in-patient care in a hospital, hospice or residential care facility or (b) continuing treatment or continuing supervision by a health care provider.

Any employee requesting a leave under this section for the birth or adoption of a child must submit proof of the birth or adoption.

Any employee requesting a leave under this section shall submit to the Executive Director, prior to inception of such leave, a signed statement of his/her intent to return to work upon termination of such leave.

<u>Absence Without Leave.</u>  An absence of an employee from duty, including any absence for a single day or part of a day that is not authorized by a specific grant of leave of absence under the provisions of these rules shall be deemed an absence without leave. Any such absence shall be without pay and may be subject to disciplinary action. Any employee who absents himself for three consecutive days, or on three separate occasions for less than three days without leave, shall be deemed to have resigned. Such action may be reconciled by the Executive Director by a subsequent grant of leave if conditions warrant.

**Holidays.**  The following days shall be recognized and observed as paid holidays for all employees:

| | |
|---|---|
| New Year's Day | Independence Day |
| Martin Luther King Day | Labor Day |
| Lincoln's Birthday | Columbus Day |
| Washington's Birthday | Veterans Day |
| Good Friday | Thanksgiving |
| Memorial Day | Christmas |

Whenever the holidays listed above fall on a Sunday, the following Monday shall be observed as the holiday; and whenever the holidays listed above fall on a Saturday, the preceding Friday shall be observed as the holiday.

Each employee shall receive one day's pay for each of the holidays listed above on which he performs no work provided the employee is on the payroll the day before and the day after the holiday unless excused in advance.

When a holiday falls on an employee's regular day off, he/she shall receive a compensatory day off to be scheduled with the approval of his supervisor with 48 hours notice.

It is the intent of this rule that employees who work irregular schedules shall receive the same holiday benefits as employees who work a regular Monday through Friday schedule.

Employees entitled to overtime pay for holiday work also have the option of compensatory time off at the same rate.

**Benefits.**

**Insurance.**  Full time employees of the HPA may elect coverage for the following:

Life insurance

Accidental death and dismemberment insurance

Medical insurance

Dental insurance

Long term disability insurance

The employee contribution amount for these benefits shall be equivalent to the amount contributed by non-bargaining unit city employees for said insurance coverage.  For long term disability insurance the employee contribution amount shall be in the same manner as non-bargaining unit employees of the city.

**457 Plan.**  All eligible employees of the HPA may elect to participate in this plan.  Refer to the plan's information package for eligibility rules and procedures.

**Money Purchase Plan.**  All eligible employees of the HPA may elect to participate in this program. The HPA will match the contribution made by the participant up to a maximum of 6% of the participant's salary.

# CITY OF HARTFORD
## INTERDEPARTMENTAL MEMORANDUM

### Privileged and Confidential
### Attorney-Client Communication

TO:         Meryth Williams, Chair Hartford Parking Authority

FROM:       Ann Bird, Assistant Corporation Counsel

SUBJECT:    Employment Status of Robert Parker

DATE:       August 27, 2003

This is to address the employment status of Robert Parker, Hartford Parking Authority Controller. In my opinion, Mr. Parker is an at-will employee of the Hartford Parking Authority who may be separated from employment without cause.

In my opinion, persons occupying this position have no constitutionally protected property right to employment with the Authority because, among other things, the Authority has not promulgated any regulation, contract, policy or practice committing to initiate, maintain or terminate employment of individuals in this position under any particular standard or process.

In light of the current absence of an executive director, I recommend that the Authority authorize its personnel committee to take any necessary actions regarding Mr. Parker's employment.



PLAINTIFF'S
EXHIBIT
Bird 2
3/25/04