UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUN 16  P 4: 04

DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ROBERT T. PARKER<br>Plaintiff<br>v.<br><br>HARTFORD PARKING AUTHORITY<br><br>and<br><br>MERYTH DEAN WILLIAMS,<br>Chairperson, Hartford Parking Authority<br>in her official and individual capacity<br>and<br><br>SERAFIN MENDEZ<br>Treasurer, Hartford Parking Authority<br>in his official and individual capacity<br>Defendants | CIVIL ACTION NO.<br><br><br><br>3:03CV930(CFD)<br><br><br><br><br><br><br><br><br><br><br>June 16, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

### FACTUAL INTRODUCTION

As set forth in the second amended complaint, the plaintiff in this case, Robert T. Parker (hereinafter called the plaintiff or Mr. Parker) claims that the defendants, Hartford Parking Authority (hereafter called HPS), and HPS's officers, Meryth Dean Williams and Serafin Mendez Mendez, fired him in retaliation for exercising his rights to free speech over matters of public concern as protected by the First Amendment to the U. S. Constitution. He also claimed that the firing denied him his rights to due process of law because it was not based on just cause and because it occurred without the proper pre-termination and post-termination hearings.

On May 12, 2004, the Court conducted a mediation in an attempt to settle all disputes presented in the case. The Hon. Thomas P. Smith, United States Magistrate Judge, presided over the mediation.

At the mediation, Magistrate Smith conferred with counsel for all parties, as well as Atty. John Rose, Corporation Counsel of the City of Hartford. On or about May 17, 2004, Magistrate Smith indicated confirmation of a settlement in several phone conversations with Mr. Parker's counsel, Eliot Gersten and with Atty. Rose, subject to the City of Hartford approval of settlement. This approval took place as was reported in the newspapers.

The terms of the settlement were to provide Mr. Parker with payment by the defendants of the sum of $60,000.00 in compensation ($30,000.00 constituted payment to him as compensation for his damages and $30,000.00 constituted a compromise of payment of attorney's fees) and a partial reimbursement of $3,000 associated with the expenses of this litigation. In exchange for these payments, Mr. Parker agreed initially to dismiss the case with prejudice and later agreed to an additional request to release the defendants from liability for all matters raised in the action. (See attached correspondence)

On May 28, 2004 after the parties agreed to the terms of the settlement, and the defendants announced a settlement publicly, the defendants issued Mr. Parker a proposed written settlement agreement. This agreement added provisions that had not been discussed nor even raised in any settlement discussions presided over by Judge Smith.

Some of the newly-added conditions i.e. that the City be the subject of a release for settlement, did not materially alter the terms of settlement and were quickly resolved. Others, such as a confidentiality provision clause, Mr. Parker did not agree with. This provision the defendants chose not to insist upon. However, one provision that the defendants did insist upon required that Mr. Parker waive all rights to apply to future for re-employment both with the defendants <u>and the City of Hartford, even though the City was not even a party to the litigation</u>.

Mr. Parker rejected the defendants' attempts to impose additional restrictions on his future employment possibilities and the City and the defendants have rejected any attempts to compromise their newly added demands. Thus, Mr. Parker now seeks an order to enforce the oral settlement agreement reached under the supervision of Judge Smith. Because the initial oral settlement agreement is enforceable, even in the absence of a written document, the Court must enforce the agreement and order the defendants to comply with its terms.

**ARGUMENT**

A district court has authority to enforce an oral agreement settling disputes in a civil action even in the absence of a written document. <u>Winston v. Mediafare Entertainment Corp.</u>, 777 F.2d 78, 80 (2d Cir. 1985). In such a situation, the courts have held:

> Whether the parties to the instant case actually formed an agreement, absent an appropriate memorialization, depends upon what the parties' intended. In order to ascertain the parties' intent, "a court must look to 'the words and deeds [of the parties] which constitute objective signs in a given set of circumstances.'" <u>Winston</u>, 777 F.2d at 80. The Second Circuit has articulated four factors to assist in determining the parties' intent: (1)

whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. *Winston*, 777 F.2d at 80.

Sears, Roebuck and Co. v. Sears Realty Company, Inc., 932 F. Supp. 392, 401 (N.D.N.Y. 1995).

The party moving to enforce the agreement need not comply with all four factors in order to enforce a settlement agreement. No one factor is dispositive, provided that the overall surrounding circumstances show that there was a meeting of the minds and an intention to be bound by the oral agreement. Conway v. Brooklyn Union Gas Co., 236 F.Supp.2d 241, 249-251 (E.D.N.Y. 2002).

At least two of the above factors are present and provide the Court with more than a sufficient basis for the Court to conclude that the parties intended to be bound to the oral settlement agreement. Therefore, the Court should enforce the agreement, and exercise its discretion to award attorneys' fees to Mr. Parker for having to seek this relief.

First, in the oral settlement discussions, the defendants did not indicate to the settlement officer, Magistrate Smith, an express reservation of their right not to be bound by a settlement in the absence of a writing. Second, and most important, all the material terms of the settlement were discussed and agreed upon by the parties in their conversations before Magistrate Judge Smith.

During the mediation sessions and follow-up telephone conversations, the defendants made no mention that part of the settlement must include an

agreement by Mr. Parker that in the future he would not apply for employment with HPS or the City of Hartford. The defendants simply agreed to pay Mr. Parker the sum of $60,000 and a partial reimbursement of his expenses. In exchange for such payment, Mr. Parker agreed to dismiss the case. Those were the terms forming the basis of the settlement.

Thus, in their settlement discussions before the Magistrate Judge, it was clear that there was a meeting of the minds as to the essential terms of the settlement agreement among all parties. With such a meeting of the minds, the parties entered into a valid settlement agreement that is enforceable by this Court. For all these reasons, the Court should grant Mr. Parker's motion and compel the defendants to comply with the settlement agreement that all parties entered into on May 17, 2004. The Court should also award Mr. Parker all attorney's fees and costs related to the motion.

# GERSTEN & CLIFFORD

ATTORNEYS AT LAW
214 Main Street
Hartford, CT 06106-1881
Telephone (860) 527-7044
Telecopier (860) 527-4968
(E-mail: EliotG@gersten-clifford.com)

ELIOT B. GERSTEN, ESQUIRE

May 19, 2004
Our File No. 3756-001

John Rose
Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103
by fax

    Re:    <u>Robert T. Parker v. Hartford Parking Authority, et al.
             Civil Action No.: 3:03CV930(CFD)</u>

Dear John:

    I learned today that your client approved of the payment of settlement in the amount of $60,000.00 plus expenses, not to exceed $3000.00. Please note our records reflect disbursements of $3149.42, which does not appear to reflect the last deposition transcript as well.

    While we will confirm acceptance of this compromise, to protect my client, be advised that Robert Parker will receive $30,000.00 and our firm will receive the balance ( to be shared with attorney Gould). We need separate checks to avoid any confusion.

    I hope we can keep this very simple. I suggest that we supply you with a simple motion for dismissal with prejudice in exchange for the payments outlined above. I would appreciate learning when you will be ready with the payments to bring this matter to a conclusion

    Please advise if there is any question and or whether you need anything further.

                                                        Very truly yours,

                                                       Eliot B. Gersten

cc  J Gould
    Client

# GERSTEN & CLIFFORD

ATTORNEYS AT LAW
214 Main Street
Hartford, CT 06106-1881
Telephone (860) 527-7044
Telecopier (860) 527-4968
(E-mail: EliotG@gersten-clifford.com)

ELIOT B. GERSTEN, ESQUIRE

May 26, 2004
Our File No. 3756-001

John Rose
Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103
by fax

Jill Hartley, Esq
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
by email only

Re:   Robert T. Parker v. Hartford Parking Authority, et al.
      Civil Action No.: 3:03CV930(CFD)

Dear John and Jill:

    I am led to believe there are no further impediments to closing out the settlement I read about in the newspaper. My client is quite anxious to collect his settlement check and close out the file; the judge reported it as settled  While I offered to simply file a motion to dismiss with prejudice, John advises me that he would prefer a  release. As long as it is a simple one, I have no objection to recommending this alternative means of closing out the file to my client, but suggest that you prepare the document so we can close this out. May I please hear from one of you and learn of a date for closing. Thanks

Very truly yours,

Eliot B. Gersten

```
cc J Gould
   Client
```

THE PLAINTIFF,
ROBERT T. PARKER

By: _____*Eliot B Gersten (LLG)*_____
Eliot B. Gersten (ct14632)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Telephone No. (860) 527-7044
Fax No. (860) 527-4968
E-mail: EliotG@gersten-clifford.com
His Attorney

- and -

By: _____*Jonathan L Gould*_____
Jonathan L. Gould, Esq. (ct 05237)
Law Offices of Jonathan L. Gould
214 Main Street
Hartford, CT 06106
Tel: 860-278-9115
Fax: 860-278-9124
E-mail: jgould@igc.org
His Attorney

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via regular U.S. Mail, postage prepaid, to all counsel and pro se parties of record on June 16, 2004 as follows:

Atty. Jill Hartley, Esq.
Atty. Michael G. Albano
Atty. John Shea
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Atty. John Rose
Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Stanley Cohen, Esq.
Cohen, Auger, Burns & Hard
39 Grand Street
Hartford, CT 06106

Jonathan L. Gould